In the Matter of the Arbitration Between ARCOLA FABRICS CORP., Appellant, and ALCO BLOUSE Co., INC., Respondent.

First Department, December 13, 1948.

*Morris K. Bauer* for appellant.

*Samuel J. Ernstoff* for respondent.

DORE, J. Arcola Fabrics Corporation, seller of certain textiles to respondent Alco Blouse Co., Inc., the buyer, appeals from an order of Special Term denying the seller's motion to confirm an arbitration award and for judgment against the buyer in the sum of $7,109.44. The award was not for that sum or for any sum of money, but directed the seller to deliver and the buyer to accept a certain quantity and quality of textiles " previously delivered." The buyer contended that the goods the seller delivered in purported performance of the award were not of the quality purchased or intended and directed by the arbitrators to be delivered by the seller and accepted by the

buyer. The seller also appeals from a further order, granting reargument and on reargument adhering to the original decision.

In October, 1947, the seller sold, and the buyer purchased, " approximately " 15,000 yards of white crepe " Quality 821 " at 87½¢ a yard. The contract expressly provided for arbitration of any controversy. In January, 1948, in claimed performance of the contract, the seller delivered about 14,465¼ yards of white crepe to the buyer. After inspection, the buyer complained in January, 1948, that the quality of the crepe was not in compliance with the contract; the seller picked up for examination 14,465¼ yards of the goods, and after such examination tendered to the buyer on February 6, 1948, delivery of 8,136½ yards; but the buyer refused to accept the same.

Thereafter, pursuant to the terms of the contract, the parties proceeded to arbitration; the seller contended the buyer should be directed to accept all the merchandise originally delivered and pay for it at 87½¢ a yard; the buyer contended that the quality of the crepe was not in accordance with the contract and the buyer should not be compelled to accept any of it. After hearing the proofs of the parties, the arbitrators on April 6, 1948, unanimously made an award directing that the seller should deliver and the buyer should accept " approximately 8,000 yards of Quality 821 white crepe previously delivered, on or about February 6, 1948 ", and pay the seller 87½¢ a yard and one half of the arbitration expenses.

In claimed conformity with that award, the seller on April 13, 1948 delivered to the buyer 7,936½ yards of white crepe claimed to be (1) Quality 821 and (2) the same merchandise that had been previously delivered on February 6, 1948. The seller after inspection and testing by the U. S. Testing Co., Inc., claimed that the crepe delivered was not the quality purchased in accordance with the contract, and was not the goods the arbitrators by their award intended should be delivered and accepted. In short, the buyer raised an issue as to performance of an award not for a sum of money only.

The arbitration was conducted under the National Federation of Textiles rules. Federation rule 19 provided that when, in the opinion of the arbitrators, an award " which is not for money only " has not been complied with " the arbitrators may make a supplemental award for money only, and their powers as arbitrators shall continue for this purpose." In accordance with such rule, the federation at the buyer's request gave notice to the parties on May 12, 1948, reconvening

the arbitrators on May 21, 1948 "to determine whether the award has been fully complied with." On May 4th, however, the seller made a motion before Special Term returnable May 14th to confirm the award and for judgment against the buyer in the sum of $7,109.44. On May 27th, the arbitrators, after reconvening, adjourned the hearing until the court acted on the seller's motion then pending and stated that, if the court decided the arbitrators had jurisdiction to continue, they would have a hearing to determine on evidence of the quality of the merchandise delivered, whether the award was or was not complied with under rule 19 of the arbitration rules. On the motion to confirm, neither party made any claim that the award was indefinite; but the Special Term denied the motion solely on the ground that the award was "too indefinite to be enforced."

In our opinion on the facts disclosed, the award was not indefinite. It identified precisely the quality and type of merchandise, namely, "Quality 821 white crepe." In view of the trade custom shown without contradiction in the record, it sufficiently identified the quantity of the merchandise. An affidavit of the director of the arbitration bureau of the National Federation of Textiles, Inc., showed the custom in the trade with regard to the use of the word "approximately" and the reasons therefor. That evidence was not contradicted or denied. Accordingly, the award sufficiently identified the quantity of the goods to be delivered; viz., "approximately 8,000 yards"; especially is this so, as the original contract herein, not disputed by either party, identified, in accordance with the trade custom, the quantity sold as "approximately" 15,000 yards. No issue is raised as to that. The quality and quantity called for by the award is further ascertainable by the reference made by the arbitrators to the specific goods tendered February 6, 1948.

This case is completely distinguishable from *Matter of Pfeiffer, Inc.* (222 App. Div. 62). In that case as the opinion of this court indicates, the award in question did not identify any particular silk to be delivered and accepted. In this case, as above indicated, the quality and type of the merchandise was specified in the award.

The award was sufficiently definite and if performed was final, but the award was not for a sum of money only but merely delivery and acceptance of a specified quantity and quality of merchandise. An issue of performance of the award was

properly raised. The arbitration agreement here in question expressly reserved such issue for the arbitrators; and they reconvened to pass on such issue pursuant to the arbitration rules the parties themselves had agreed upon. Where, as here, there is no dispute as to the making of the contract to arbitrate, as a general rule all acts by the parties giving rise to issues in relation to the contract are within the jurisdiction of the arbitrators (*Matter of Lipman [Haeuser Shellac Co.]*, 289 N. Y. 76, 80). Accordingly, the seller should have proceeded before the arbitrators on the issue of performance of the award instead of moving and pressing its motion prematurely in the Supreme Court.

The orders appealed from should be modified, with costs and disbursements to respondent Alco Blouse Co., Inc.; the motion to confirm on the present papers should be denied without prejudice, however, to renewal of such motion by either party or the making of any other appropriate motion after determination by the arbitrators of the issue of performance of the award in accordance with rule 19 of the federation.

PECK, P. J., GLENNON, CALLAHAN and VAN VOORHIS, JJ., concur.

Orders unanimously modified, with costs and disbursements to the respondent Alco Blouse Co., Inc.; motion to confirm on the present papers denied without prejudice, however, to renewal of such motion by either party or the making of any other appropriate motion after determination by the arbitrators of the issue of performance of the award in accordance with rule 19 of the federation.