HETHERINGTON & BERNER, Inc.,
Plaintiff-Appellee,

v.

MELVIN PINE & CO., Inc., Defendant-
Appellant.

HETHERINGTON & BERNER, Inc.,
Plaintiff-Appellee,

v.

Melvin PINE, Melvin Pine & Co., Inc., and
Distributors Forwarding Service Corp.,
Defendants-Appellants.

Nos. 300, 301, Dockets 24803, 24804.

United States Court of Appeals
Second Circuit.

Argued March 7, 1958.

Decided May 20, 1958.

Leo Brown, New York City (Clarence Fried and Henry Pine, New York City, on the brief), for defendants-appellants.

Robert M. Morgenthau, New York City (L. Harrison Thayer II and Patterson, Belknap & Webb, New York City, and Baker & Daniels, Indianapolis, Ind., on the brief), for plaintiff-appellee.

Before LUMBARD, WATERMAN and MOORE, Circuit Judges.

LUMBARD, Circuit Judge.

The two principal questions are, first, whether the District Court had jurisdiction to confirm an award of arbitration in favor of plaintiff where parties of diverse citizenship agreed to arbitration to be governed by the laws of New York and later agreed to arbitrate in New York after plaintiff had brought suit in the federal court; and second, whether the award, in referring to commissions on sales not yet made and an obligation to relieve defendant of any liability to a third party, was so indefinite and uncertain that it should be set aside.

We find that the District Court did have jurisdiction to confirm the award and that the award was sufficiently definite. Accordingly, it follows that all the orders of the District Court, including its order denying remand to the state court and its discharge of the bond given by plaintiff, were proper and they are affirmed.

The dispute arose when Melvin Pine & Co., Inc. (Pine & Co.) retained $176,912.-32 received by it on January 11, 1957 as agent of Hetherington & Berner, Inc. (Hetherington) for the sale of road building machinery to Brazil. Just a few days before, on December 31, 1956, the contract between the parties under which Pine & Co. had acted as the exclusive export agency for Hetherington for over seven years had terminated by reason of notice given by Hetherington pursuant to the contract. Not until January 22 did Pine & Co. disclose to Hetherington that it had the money and it refused then to turn it over, as meanwhile it had asserted certain claims against Hetherington for the first time.

Hetherington, an Indiana corporation, thereupon commenced suit on January 24, in the Southern District of New York against Pine & Co. of New York, its president, Melvin Pine, a Florida resident, and Distributors Forwarding Service Corp. of New York,[1] alleging that Pine & Co. had $176,153.40 belonging to Hetherington which it refused to pay. On that same day Judge Weinfeld signed an order temporarily restraining the defendants from disposing of any of the funds pending a hearing. On January 28, the day before the date set for the hearing, Pine & Co. filed with the American Arbitration Association a demand for arbitration of its claims against Hetherington and mailed a copy to Hetherington.

The contract under which the parties had been acting until December 31, 1956 provided:

"Any controversy or claim arising out of, or relating to this contract or the breach thereof, shall be settled by arbitration in accordance with the Rules, then obtaining, of the American Arbitration Association, and judgment upon the award rendered may be entered in any Court having jurisdiction thereof."

"This agreement shall be deemed to be made under, and shall be governed by, the laws of the State of New York in all respects."

---

[1]. At this point Hetherington stated it did not know who might have the funds.

At the January 29 hearing on Hetherington's motion for a preliminary injunction, Pine & Co. served on Hetherington a motion to compel arbitration. Judge Weinfeld continued the restraining order and adjourned the hearing to February 1. At a conference in his chambers on the adjourned date the parties reached an agreement which was signed on February 6, and filed in the District Court.

The stipulation may be summarized thus:

1. That Pine & Co. was to pay Hetherington $113,000 before 5 P.M. the next day.[2]

2. Pine & Co. agreed to post a bond for $35,000 in favor of Hetherington to secure repayment of any additional moneys which the arbitration might award Hetherington. Hetherington agreed to state in a letter that it would promptly pay whatever might be awarded Pine & Co.

3 and 4. Both parties agreed promptly to submit all disputes to arbitration under American Arbitration Association rules, all hearings to be held at the Association's offices in New York.

5 and 6. The District Court action was to await the pending arbitration, and the defendants' time to move or answer was extended to 10 days after the award, and "When the arbitration is completed and the judgment thereon is entered the above entitled suit shall be dismissed."

7. If any party violated any provision of the stipulation, the other party or parties could apply to the District Court for the Southern District of New York for appropriate relief.

Judge Weinfeld then signed an order at the foot of the stipulation dissolving the restraining order.

Pine & Co. paid $113,000 to Hetherington and filed the required bond and the parties proceeded to arbitration. Hearings were held on March 26, 27, 29, April 10 and May 29.

The unanimous award of the arbitrators was delivered to the parties on June 21, 1957. Pine & Co. was ordered to pay Hetherington $63,912.32, the balance of the money still held by Pine & Co., together with arbitration fees paid by Hetherington, and Hetherington was ordered to pay Pine & Co. $17,981.86, leaving a balance due Hetherington of $46,627.31.

The arbitrators also passed on two other matters brought into the arbitration proceeding by Pine & Co. and now urged as making the award so "lacking in finality and definiteness" that it should be set aside under New York law, namely:

"4. Hetherington & Berner, Incorporated shall relieve Melvin Pine & Company, Incorporated from its liabilities with respect to the shipment to Ugra Ltda., Pine Order No. 1–2719 in the amounts due not exceeding the sum of $2,743.27.

\* \* \* \* \*

"6. This award is rendered without prejudice to the right of Melvin Pine & Company, Incorporated to recover commissions at the rate of 10% from Hetherington & Berner, Incorporated on the following tentative orders, when and if such orders shall be accepted by Hetherington & Berner, Incorporated:

| | |
|---|---|
| Pine No. 1-2848 | S. A. Eugene Capucio |
| 1-2846-7 | M. A. Osorio |
| 1-2834-5-6-8 | Vias & Viaturas, Inc. |
| 1-2807 | Jorge G. Butler |
| 1-2756 | Deburaux & Cie |
| 1-2837 | Alberto L. Arce |

---

2. It is asserted by the appellee and not denied that at this time Pine & Co. had only $113,000 of Hetherington's funds still in its possession.

Furthermore Hetherington & Berner, Incorporated shall accept at present prices, on or before October 1, 1957, the foregoing tentative orders upon the completion thereof by firm letters of credit in United States funds, irrevocable for adequate periods of time to permit compliance with the terms thereof, or other assurance of payment satisfactory to Hetherington & Berner, Incorporated. Upon the furnishing of such letters of credit, or upon acceptance of other assurance of payment, Hetherington & Berner, Incorporated shall pay commissions at the rate of 10% on its net invoice price to Melvin Pine & Company, Incorporated. Hetherington & Berner, Incorporated shall promptly notify Melvin Pine & Company, Incorporated of the receipt of letters of credit or other acceptance of means of payment."

When Hetherington's attorneys found that Pine & Co. intended to move in the state court to vacate the award, Hetherington on June 28 moved in the District Court to confirm the award. Pine & Co. served on Hetherington by mail motion papers returnable in the New York Supreme Court on July 9, 1957. Hetherington then removed to the Southern District Court Pine & Co.'s state court petition to vacate. Judge Palmieri on July 18 heard both motions together with Pine & Co.'s motion to remand.

Judge Palmieri, after argument and briefs, decided at an adjourned hearing to confirm the award. At his request, Hetherington submitted an affidavit showing the status of the tentative orders referred to in paragraph 6 of the arbitrators' award, and on which Pine & Co. might become entitled to commissions.

On July 23, 1957 Judge Palmieri signed two orders. The first order in Civil Action 122–64 recited that Hetherington had "shown by affidavit that it had complied with the award by relieving Melvin Pine & Co., Inc., of its liabilities relating to said shipment to Ugra Ltd. * * * and by accepting substitute orders for Pine's tentative orders No. 1–2838, 1–2836, 1–2837 on which a total commission of $5,720.90 was owing Melvin Pine & Co., Inc. and [has] stated further by supplemental affidavit that no other said tentative orders set forth in paragraph 6 of the award have been completed by firm letters of credit in United States funds or by other satisfactory assurance of payment."

Judge Palmieri thereupon (1) denied the motion to vacate the award, (2) granted the application to confirm the award, (3) directed judgment for Hetherington for $40,924.55 [3] with interest from June 21, 1957, and costs of $35, (4) directed Hetherington to accept at present prices on or before October 1, 1957 seven additional tentative orders, described by number and amounts, and totalling over $70,000, upon completion of firm letters of credit, and to notify Pine & Co. and pay Pine & Co. a 10% commission on these orders when and if any of them were accepted by Hetherington.

Judge Palmieri's second order of July 23 was in the original Civil Action 116–377. After reciting that his order of the same date entered in the other civil action had confirmed the award, it (1) dismissed action 116–377, and (2) discharged the bond filed by Hetherington to reimburse the defendants for costs and damages in the event they were wrongfully enjoined under the temporary restraining order.

From these two orders of July 23, 1957, the defendants appeal.

■■ We turn first to the defendants' claim that the District Court had no power to remove the state court proceeding and should have granted the motion to remand as the parties had conferred sole jurisdiction upon the New York

---

3. This represented $63,912.32 plus $714.99 awarded Hetherington, less $17,981.86 awarded Pine & Co. and $5,720.90 com- missions due Pine & Co. on the accepted orders.

Supreme Court. There is no merit in this argument.

In the first place the application to confirm the award, Civil Action No. 122-64, was ancillary to and a continuation of the earlier suit in which a temporary restraining order had been issued and a stipulation of the parties had been filed. Cf. Marchant v. Mead-Morrison Mfg. Co., 2 Cir., 1928, 29 F.2d 40, certiorari denied 278 U.S. 655, 49 S.Ct. 179, 73 L.Ed. 565. The parties clearly contemplated that judgment on the arbitrators' award would be entered in the federal court where they already were and properly so by reason of diversity of citizenship. The stipulation provided that the federal court action was to abide the arbitration and the time of the defendants to move or answer was extended until ten days after the award; that when the arbitration was completed and judgment entered therein, the suit was to be dismissed; that Pine & Co. was to post a bond with the District Court clerk to insure payment of any monies which might be awarded to Hetherington in the arbitration; and if either party violated the stipulation application could be made to the District Court for appropriate relief. The federal court proceedings prior to arbitration were tantamount to an order of the court that the parties arbitrate. It is difficult to see any justification or legal basis for the defendants to apply to the state court.

Before the defendants filed their state court motion to vacate, Hetherington commenced Civil Action 122-64 in the District Court on June 28, 1957, and when it received the state court motion it promptly removed the action to the federal court. Thus the two applications, one to confirm and the other to vacate, were heard at the same time by Judge Palmieri. Even apart from the fact that the later proceedings were ancillary to the original civil action, both motions were properly before the District Court by virtue of diversity of citizenship. See Tejas Development Co. v. McGough Bros., 5 Cir., 1947, 165 F.2d 276; Davenport v. Proctor & Gamble Mfg. Co., 2 Cir., 1957, 241 F.2d 511. It was proper and in all respects desirable for Hetherington to remove the state court application in order to save time and avoid duplication of proceedings if its view was correct, as we believe it was.

■■ The appellants' contention that Hetherington consented to exclusive jurisdiction of the New York state courts by reason of the provision in the contract that New York law was to govern is, of course, absurd on the face of it. And the further argument that, by stipulating in the federal court action that the arbitration would take place in the State of New York, Hetherington had agreed that only the New York State courts should have jurisdiction over the resulting award is equally farfetched as it would be contrary to the obvious purpose of the stipulation, namely that the arbitration was to be under the aegis of the federal court.

We come then to the question of whether the award was sufficiently definite in view of the provision of the New York Civil Practice Act, § 1462, subd. 4, that an award must be vacated "where the arbitrators * * * so imperfectly executed [their powers] that a mutual, final and definite award upon the subject-matter submitted was not made."[4]

The award is definite and final in every respect. The arbitrators resolved all questions of amounts due, and they laid down specific and easily understood conditions precedent whereby additional specific amounts would or would not become due.

Curiously enough Pine & Co. is here complaining that the very items which it insisted should be considered are the items regarding which the award is indefinite. These items were necessarily

4. Since these proceedings were properly in the federal court both by reason of diverse citizenship and ancillary jurisdiction, and since the relevant federal statute 9 U.S.C. § 10(d) is the same as New York Civil Practice Act, § 1462, subd. 4, we need not consider the applicability of the Federal Arbitration Act, 9 U.S.C. § 1 et seq., as a basis for the orders of the District Court.

indefinite at the time they were submitted because certain events had not taken place. What the arbitrators did was to make the possible liability regarding Ugra and the tentative orders as definite and certain as it was possible to do. Pine & Co. asked for this and it got all that it could possibly receive. As to Ugra, the arbitrators decided that Hetherington should save Pine & Co. harmless, and this Hetherington agreed to do. No claim having yet been made against Pine & Co. by Ugra, this was as much as Hetherington could do and the arbitrators could require no more. As between the two it was equivalent to a declaratory judgment.

■■ As for the tentative orders and the commissions which might become due, the formula was clear and the computation is simple arithmetic. The New York courts have many times held such awards to be sufficiently definite. Hunter v. Proser, 1 Dept. 1948, 274 App.Div. 311, 83 N.Y.S.2d 345, affirmed without opinion, 298 N.Y. 828, 84 N.E.2d 143; Arcola Fabrics Corp. v. Alco Blouse Co., 1 Dept. 1948, 274 App.Div. 431, 84 N.Y.S. 2d 378; Perkins v. Giles, 1872, 50 N.Y. 228.

We think what Judge Medalie said for the unanimous Court of Appeals in Matter of Feuer Transportation, Inc., 295 N.Y. 87, at pages 91–92, 65 N.E.2d 178, 180, cited by Presiding Justice Peck in Hunter v. Proser, supra, is particularly applicable to arbitrations such as the one at bar:

> "To work well it [arbitration] must operate with a minimum of delay and with all the flexibility which equity can give it * * * If the relief to which a party is entitled is not granted and he is remitted to a new proceeding, the purposes of the reforms intended by the Arbitration Law of 1920 would be defeated. Instead of relief from legal technicality, the parties to an arbitration are given delay and a surfeit of legal procedure. Proceedings of this kind are equitable in character, and the practice of equity as to relief should be followed."

If the courts could not adopt such a common sense view of the practical and equitable determinations of arbitrators regarding future events which are defined as well as the circumstances permit, the value of commercial arbitration would be very limited. Under New York law the award here was "mutual, final and definite" and the District Court properly confirmed it.

Affirmed.

