■ In the Matter of the Arbitration between FRENCH TEXTILES COMPANY, Respondent, and RUBIN SENOR, Doing Business Under the Name of GENERAL YARN CONVERTING Co., et al., Appellants.— Order confirming the award of the arbitrators unanimously modified to conform to the award of the arbitrators, on the law, and otherwise affirmed, without costs. Special Term departed from the terms of the award and took cognizance of facts which had allegedly occurred between the first and second awards. Thus, it failed to include in the order confirming the award, any provision for the return of the goods in question by French Textiles Company to Senor, and provided merely for the return of the goods by Senor to Brawer. On a motion to confirm an arbitration award, Special Term may vacate or modify the award only on the grounds specified in the Civil Practice Act. (Civ. Prac. Act, §§ 1461, 1462, 1462-a; *Matter of Congregation Talmud Torah of Flatbush [Feinstein]*, 283 App. Div. 892.) The matter was remitted to the arbitrators solely for the limited purpose of clarifying the original award, this court directing a vacatur of the award to facilitate that object (3 A D 2d 660). All issues of performance of the award, if they be properly raised, should be left to a supplemental arbitration pursuant to rule 19 of the Arbitration Rules of the National Federation of Textiles, Inc. (*Matter of Arcola Fabrics Corp. [Alco Blouse Co.]*, 274 App. Div. 431). Settle order on notice. Concur — Breitel, J. P., Rabin, M. M. Frank, McNally and Bergan, JJ.

■ WALSH BROTHERS, INC., Respondent, v. JACOB RUPPERT, a Corporation, Appellant.— The first cause of action alleging a breach of the lease and of the covenant of quiet enjoyment is manifestly insufficient, since the "right" to purchase defendant's products at a favorable price and to the patronage of its employees was not an appurtenance of the lease, and there was no eviction, actual or constructive, on which a finding of breach of the covenant of quiet enjoyment could be premised (*Herstein v. Columbia Pictures Corp.*, 4 N Y 2d 117). While the second cause of action alleges elements which set forth minimal requirements of a cause of action for prima facie tort the recovery sought thereon is limited to punitive and exemplary damages. The law is clear that for prima facie tort only actual damages may be recovered (*Aikens v. Wisconsin*, 195 U. S. 194, 204; *Brandt v. Winchell*, 283 App. Div. 338, 342). The order appealed from must therefore be reversed, on the law, and the complaint dismissed, with $20 costs and disbursements to appellant, with leave to plaintiff to serve an amended complaint repleading the second cause of action. Concur — Botein, P. J., Breitel, Rabin, Valente and Bergan, JJ.

■ VINCENTA ROSARIO, Appellant, v. TOUJOURS ORIGINALS, INC., et al., Respondents, et al., Defendant — Order directing a new trial on the ground of excessiveness of verdict affirmed unless plaintiff stipulates to reduce the amount of such verdict to $1,000, in which event the order is modified on the law and the facts to reinstate the verdict as modified and direct entry of judgment accordingly. Although the plaintiff would have been entitled to a submission to the jury of the question of punitive damages, the court is not only of opinion that the verdict is excessive, but also that there is a close question on this record as to whether any finding of actionable assault would be consistent with the weight of the credible evidence. Settle order on notice. Concur — Breitel, J. P., Rabin, M. M. Frank, McNally and Bergan, JJ.

■ NICOLA MANENTE, Respondent, v. SORECON CORPORATION, Appellant, et al., Defendant.— Order unanimously affirmed, with $20 costs and disbursements to the respondent. No opinion. Concur — Breitel, J. P., Rabin, M. M. Frank, Valente and McNally, JJ.