**COMMONWEALTH OIL REFINING COMPANY, Inc., Plaintiff,**

v.

**LUMMUS COMPANY, Defendant.**
No. C 94-59.

United States District Court
D. Puerto Rico,
San Juan Division.
July 17, 1959.

874

Fiddler, Gonzalez, Guillemard & Rodriguez, San Juan, P. R., Richard de Y. Manning, John F. Dooling, Jr., Hamilton Potter, Jr., New York City, for plaintiff.

McConnell, Valdes & Kelley, San Juan, P. R., James A. Fowler, Jr., John T. Cahill, Lawrence McKav, Jr., Raymond Falls, Jr., New York City, for defendant.

RUIZ-NAZARIO, District Judge.

This case came on to be further heard on the motion of the defendant, the Lummus Company (submitted without further argument as per stipulation of the parties on record) for an order modifying the order for preliminary injunction entered herein on June 19, 1959, by Judge Calvert Magruder, sitting by assignment, to permit the defendant, the Lummus Company, to move in the case pending in the United States District Court for the Southern District of New York entitled: *"In the Matter of the Arbitration of Certain Differences between The Lummus Company, Petitioner, and Commonwealth Oil Refining Company, Inc., Respondent,"* Civil Action No. 146–246, for an order remanding that case to the Supreme Court of the State of New York.

The said motion was made on the ground that the preliminary restraining orders heretofore made herein on May 29 and June 1, 1959, and the preliminary injunction made herein on June 19, 1959, have prevented and restrained Lummus from moving in the United States District Court for the Southern District of New York to remand the cause from that court to the Supreme Court of the State of New York "in order to test the propriety of the removal." It is contended that if the suit was improperly removed to the Federal Court, this court would have to deal with the problem that would then arise under 28 U.S.C. § 2283. It is further argued that the United States District Court for the Southern District of New York is without power to grant the relief sought by such a proceeding as was initiated in the Supreme Court of the State of New York by Lummus,

that is, a motion to compel arbitration in pursuance of a contract and under the provisions of the New York Civil Practice Act. It is finally argued that the petition for removal was not timely filed. On these grounds, it is contended that a substantial question exists on the issue of removability, that this question should be resolved by the court in which the suit is pending and that orderly procedure requires that the preliminary injunction of Judge Magruder be accordingly modified to permit Lummus to move for an order of remand in the United States District Court for the Southern District of New York.

■ The contentions are without merit. First, Lummus had from the time it was advised of the removal on May 25, 1959, until 3:38 p. m. on May 29, 1959, to prepare and serve the simple papers required on a motion for remand. It does not appear that any such motion was filed. Second, the propriety of the removal to the United States District Court for the Southern District of New York is a matter that can be determined and must be determined in the present proceeding, since as defendant Lummus points out, the propriety of the removal determines whether or not this Court must consider the effect of Section 2283 of Title 28 of the United States Code.

■ The removability of just such a motion to compel arbitration as Lummus has made under Section 1450 of the New York Civil Practice Act is clear. Davenport v. Procter & Gamble Mfg. Co., 2 Cir., 1957, 241 F.2d 511, 63 A.L.R.2d 1350; Hetherington & Berner, Inc. v. Melvin Pine & Co., 2 Cir., 1958, 256 F.2d 103. The motion of defendant Lummus to compel arbitration had all the elements of a judicial controversy and it was initiated in a state court of general jurisdiction. Marchant v. Mead-Morrison Mfg. Co., 2 Cir., 1928, 29 F.2d 40.

■ That the petition was timely filed is plain, (Minkoff v. Scranton Frocks, Inc., D.C.S.D.N.Y.1959, 172 F.Supp. 870), and indeed, Judge Magruder directly passed on this point in his opinion herein entered June 25, 1959, 174 F.Supp. at pages 487 and 488. It is noted, further, that in the affidavit of defendant's President, James F. Thornton, sworn to May 29, 1959, and presented to the United States District Court for the Southern District of New York in support of defendant's Lummus' application to that court for an order restraining proceedings in this Court, Mr. Thornton said:

"the parties are all properly before this Court (the Respondent by its aforesaid consent and by its removal) in a matter over which this Court has jurisdiction and that the trial of these issues could be most conveniently had in this court." (Paragraph 22.)

The position thus taken and the relief thus sought, would appear quite sufficient to amount to a waiver of any objection that might otherwise have been available to defendant the Lummus Company on the question of the timeliness of the removal. Martin v. Baltimore & O. R. Co., 1894, 151 U.S. 673, 14 S.Ct. 533, 38 L. Ed. 311; Fienup v. Kleinman, 8 Cir., 1925, 5 F.2d 137.

Accordingly, the motion of defendant the Lummus Company for an order modifying the order for preliminary injunction entered herein on June 19, 1959, by Judge Calvert Magruder, sitting by assignment, to permit defendant the Lummus Company to move in the United States District Court for the Southern District of New York for an order remanding proceeding in New York to the Supreme Court of the State of New York is in all respects denied.