BOBBIN PUBLICATIONS,
INC., Plaintiff,

v.

Martin F. KLINGENBERG, Defendant.

Civ. A. No. 81–1467–14.

United States District Court,
D. South Carolina,
Columbia Division.

Oct. 6, 1981.

E. Russell Jeter, Jr., Charles Porter, Columbia, S.C., for plaintiff.

Terrance P. Boyle, Lawrence Roscher, Washington, D.C., Ronald A. Barrett, Columbia, S.C., for defendant.

## ORDER

WILKINS, District Judge.

The Plaintiff, Bobbin Publications, Inc., has made a motion to remand this action to the Court of Common Pleas for Richland County. The action was filed in state court in Richland County on January 5, 1981 but was removed by the Defendant, Martin F. Klingenberg, on June 18, 1981. Plaintiff argues the case should be remanded for two reasons: (1) The claim upon which the jurisdictional amount in controversy is based is a permissive counterclaim. It is Plaintiff's position that a permissive counterclaim may not be considered to satisfy the $10,000.00 amount in controversy required by 28 U.S.C. § 1332(a). (2) Also, even if the counterclaim may be considered in calculating the jurisdictional amount, Plaintiff maintains this action should still be remanded because Defendant failed to make a timely petition of removal.

## FINDINGS OF FACT

On February 16, 1979, the parties entered into a written contract which, in essence, provided that Defendant would act as Plaintiff's agent in negotiating with officials of the People's Republic of China. Plaintiff was interested in holding a trade show in China and felt that Defendant could make the necessary arrangements. In return for Defendant's services, Plaintiff

gave him an initial $5,000.00 retainer fee and promised to pay him 10% of the proceeds of any future show. On January 5, 1981, Plaintiff filed suit in the Court of Common Pleas for Richland County alleging breach of this contract. He sought rescission of the contract and return of the retainer fee.

In early March, 1981, Plaintiff had a trade show in China. Shortly thereafter on March 19, 1981, Defendant filed suit against Plaintiff in the United States District Court in Washington, D. C. for damages arising from the alleged breach of the same contract upon which Plaintiff brought his earlier action. On June 18, 1981, Defendant answered Plaintiff's pending state court suit and also counterclaimed alleging damages in excess of $10,000.00. On July 14, 1981, Defendant filed a Petition for Removal of the state action to this court, alleging diversity of citizenship and an amount in controversy in excess of $10,000.00 based upon his counterclaim. Plaintiff then filed a motion to remand this case to state court.

## CONCLUSIONS OF LAW

■ It is unnecessary at this time to decide the issue as to whether a permissive counterclaim may be considered in calculating the jurisdictional amount. In this action, Plaintiff's motion for remand should be granted because Defendant clearly failed to make a timely petition for removal. 28 U.S.C. § 1446(b) states:

"The petition for removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

If the case stated by the initial pleading is not removable, a petition for removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."

This statute has been interpreted to require that petitions for removal in diversity cases must be filed by the defendant within 30 days from the time "the presence of grounds for removal are unambiguous in light of the defendant's knowledge and the claims made in the initial complaint." *Mielke v. Allstate Insurance Company*, 472 F.Supp. 851, 853 (E.D.Mich.1979). There is an exception to this 30-day limitation period only in those circumstances where the defendant cannot be sure that the case is removable. *Id.; See also Lee v. Altamil Corp.*, 457 F.Supp. 979 (M.D.Fla.1978).

■ Defendant maintains that when he was initially served with a summons and complaint filed by Plaintiff in January, 1981 in state court, he could not at that time seek removal because he had no method of calculating his recovery in a possible counterclaim. However, after Plaintiff held its trade show in March, Defendant did file a diversity action against Plaintiff in United States District Court in Washington, D. C. That claim is essentially the same as the counterclaim on which Defendant based his removal of Plaintiff's state court action to this court in June, 1981. It is clear that at least in March when Defendant filed his own action in United States District Court in the District of Columbia, he must have had knowledge of circumstances on which he could base an alleged claim for damages in excess of $10,000.00. Any other conclusion would indicate that Defendant acted in bad faith when he filed the federal court action. Therefore, at least at that point, the 30-day limitation period began to run and had expired prior to the filing of the removal petition in July, 1981.[1]

1. This case was decided on briefs submitted by the parties without oral arguments. It appears from those briefs that between January 5, 1981,

when Plaintiff brought this action in state court, and May 13, 1981, Defendant had a motion pending seeking dismissal for lack of per-

Finally, the Court is aware of Plaintiff's claim for costs incurred in federal court as the result of Defendant's removal petition. The Court is empowered to award such costs under 28 U.S.C. § 1447(c). However, in its discretion, the Court finds that the ends of justice would be best served by declining to make such an award under the circumstances of this case.

NOW, THEREFORE, IT IS ORDERED that this case be remanded to the Court of Common Pleas of Richland County, without costs.

AND IT IS SO ORDERED.

sonal jurisdiction. This, perhaps, explains Defendant's failure to file a counterclaim and petition for removal earlier. However, the state court denied Defendant's motion for dismissal on May 13, 1981. There is nothing in the briefs to suggest that, at the latest, the 30-day period should not have begun to run at that point. The petition for removal was not filed until 62 days later on July 14, 1981.