**CAP OF MB, INC., Plaintiff,**

v.

**CHAMPION ROCK PRODUCTS, INC., Defendant.**

**No. Civ.A. 4:00–1381–23.**

United States District Court, D. South Carolina, Florence Division.

Aug. 22, 2000.

Daniel J. McDonald, Rice & McDonald, Myrtle Beach, SC, for Plaintiff.

March H. Wall and Morgan S. Templeton, Ogletree, Deakins, Nash, Smoak & Stewart, Charleston, SC, for defendant.

## *ORDER*

DUFFY, District Judge.

This case was removed here from the Court of Common Pleas in Horry County, South Carolina. Now pending are motions to stay or in the alternative change the arbitration award, to vacate or in the alternative modify the arbitration award, both filed by the defendant, and plaintiff's motion to remand. Because the plaintiff's motion to remand challenges this court's jurisdiction and the defendant's adherence to the statutorily required procedures set forth in the removal statute, 28 U.S.C. § 1446(b), it will be considered first.

## *I. FACTUAL AND PROCEDURAL BACKGROUND*

On September 29, 1998, CAP and Champion entered into an Agreement regarding the mining, processing, and handling of stone from the Goretown Mine in Horry County. *See* Griste Aff., Ex. 1. The Agreement provides for arbitration of all disputes. The Agreement addresses the terms and methods of payments and compensation between CAP and Champion, and the penalties and remedies for the late payment of invoices submitted by Champion to CAP. In a letter from the Vice President of Champion to the Manager of CAP dated July 27, 1999 Champion demanded payment for over $700,000.00 in late invoices and declared that it deemed CAP in breach of their contract. *See* Griste Aff, Ex. 2.

After several weeks of negotiating regarding CAP's late payments and numerous conversations and meetings between the parties and their counsel, CAP filed, on August 18, 1999, a demand for arbitration with the American Arbitration Association

("AAA") located in Atlanta, Georgia. That demand sought arbitration of "its dispute with Respondent, Champion Rock Products, Inc. ("Champion"), pursuant to the Construction Industry Dispute Resolution Procedures and Rules of the American Arbitration Association pursuant to Paragraph 8 of the Contract signed by the parties...." *See* Pl.'s Mot. Opp. to Def.'s Mot. to Vacate, Ex. P. In addition to other things, that demand sought an "immediate ruling prior to final arbitration that maintains the status quo and allows CAP to enter upon the mine premises and obtain product to sell to purchasers." *Id.* at 6.

On August 23, 1999, CAP filed a Complaint for Injunctive and Declaratory Relief in South Carolina Court of Common Pleas, Case No. 99–CP–26–3205. Pl.'s Ex. B. In addition to including CAP's version of the facts surrounding the invoice payments, the Complaint sought to show CAP's South Carolina citizenship, and that "disputes arising under the contract and its amendments are subject to arbitration pursuant to the rules of the American Arbitration Association." Complaint ¶ 3. With the filing of the Complaint, CAP sought an Ex Parte Temporary Restraining Order, which was issued the next day by the Honorable John L. Breeden. Pl.'s Ex. D. The Ex Parte TRO ordered: (1) that Champion was restrained and enjoined from blocking or preventing access to CAP's Goretown Mine property and all stockpiles or processed material; (2) that Champion was restrained and enjoined from preventing CAP, its employees or agents from loading CAP's products into trucks for delivery to customers and selling stockpiles product; (3) that the product shall be sold in a commercially reasonable manner and at a reasonable market price; CAP shall escrow all proceeds from product sold pursuant to a court-approved process; (4) that CAP post a security bond in the amount of $200,000.00. *Id.* This Order was effective for ten (10) days.

On August 26, 1999, the Summons, Complaint, Motion for Ex Parte Temporary Restraining Order, Affidavit of William Griste, Sr., Order Granting Temporary Restraining Order, and Surety Bond were served upon Defendant Champion. Pl.'s Ex. F. Subsequently, a hearing regarding the issuance of a Temporary Injunction to supplant the TRO was held on September 3, 1999 before Judge Breeden, after which time Judge Breeden granted the Temporary Injunction and increased the bond to $300,000.00. Pl.'s Ex. G. The Order granting the Temporary Injunction made the following findings relevant to the issue at bar: "[t]hat all claims, disputes, and other matters arising out of the contract between the parties are subject to arbitration," "[t]hat this court's subject matter jurisdiction over the parties dispute is questionable. Nevertheless, over counsel for the Defendant's objection, I assume jurisdiction of this matter to the extent that the American Arbitration Association does not have a mechanism in place to resolve the Plaintiff's Motion for Temporary Injunction immediately," and that the Order remain in effect until "the earlier of: a hearing and decision by the arbitration panel; or 30 days from the date of this Order, September 3, 1999." *Id.*

On September 27, 1999, Champion submitted its Answering Statement and Preliminary Hearing Worksheet to the AAA. In the Answering Statement, Champion denied all of CAP's allegations and asserted a counter-claim in the amount of $5,000,000.00. Champion also sought relief from the Order issued by Judge Breeden, enforcement of a security agreement, enforcement of its contractual rights, damages suffered by Champion, and such other relief afforded by the AAA. *See* Pl.'s Mem. Opp. Def.'s Mot. to Vacate, Ex. Q.

On November 12, 1999, Judge Breeden issued an additional injunction order clarifying some issues raised by Champion brought about due to the prior injunction. In that Order, Judge Breeden clarified those issues by ordering further injunctive relief, and stayed Champion's obligation to

file an Answer to the Plaintiff's Complaint. Pl.'s Ex. H.

In December of 1999, a hearing was held before the selected arbitrators, at which time the arbitrators issued a Preliminary Award. *See.* Pl.'s Opp. to Def's Mot. to Vacate, Ex. S. The Preliminary Award addressed Judge Breeden's Temporary Injunction, stating that "the Panel finds that the procedures set forth in the Temporary Injunction dated September 3, 1999 and Order dated November 3, 1999 shall continue in full force and effect until the conclusion of the hearing in this matter or further Award by this Panel." *Id.* On April 21, 2000, the Panel issued its official Award of Arbitration. *See* Pl.'s Ex. 1. The Award concluded that Champion had breached the Agreement between the parties, dissolved and discharged the Temporary Injunction and Bond required by the Panel's Preliminary Award of December 3, 1999 as later modified. The Award noted that Champion was not entitled to recover on any of its counterclaims against CAP, and that after considering all off-sets and fee awards, Champion owed CAP $ 211, 841.93 to resolve all issues.

On April 26, 2000, CAP filed, under the same case number as the Complaint for Injunctive and Declaratory Relief, Case No. 99–CP–26–3205, an Application and Motion for Confirmation of Arbitration Award in the South Carolina Court of Common Pleas, Horry County. Champion filed its Petition for Removal on May 5, 2000. Reviewing the pleadings, the court finds that Champion has limited the basis for its Removal Petition to diversity of citizenship, *see* 28 U.S.C. § 1332. CAP has filed a Motion to Remand alleging that Champion has failed to comply with the time requirements of 28 U.S.C. § 1446(b).

## II. ANALYSIS

■ "The right to removal is statutory. Before a party can avail himself of it, he must show upon the record that his is a case which comes within the provisions of the statute." *Insurance Co. v. Pechner,* 95 U.S. 183, 185, 24 L.Ed. 427 (1877). The proponent of removal jurisdiction bears the burden of establishing the right to removal. *Marler v. Amoco Oil Co.,* 793 F.Supp. 656, 658–59 (E.D.N.C.1992).

Under 28 U.S.C. § 1441, any action within the original jurisdiction of the federal district courts which is commenced in state court may be removed to federal court by the defendant. A notice of such removal must be filed within thirty (30) days after the receipt, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based. 28 U.S.C. § 1446(b). When subject matter jurisdiction is based upon diversity of citizenship, removal must be made within one (1) year after commencement of the action if the initial pleading is not removable. *Id.* However, once the amended pleading, motion, order, or other paper from which it may be ascertained that the case is one which has become removable, is filed, defendant has thirty (30) days after receipt to seek removal. *Id.*

■ The removal statutes have been interpreted to require that notices of removal in diversity cases be filed by the defendant within thirty (30) days from the time " 'the presence of the grounds for removal are unambiguous in the light of the defendant's knowledge and the claims made in the initial complaint.' " *Bobbin Publications, Inc. v. Klingenberg,* 525 F.Supp. 245, 246 (D.S.C.1981) (citing *Mielke v. Allstate Ins. Co.,* 472 F.Supp. 851, 853 (E.D.Mich.1979)). Federal courts construe removal statutes strictly, guarding against expansion of removal jurisdiction by judicial interpretation, and resolving all doubts about the propriety of removal in favor of retained state court jurisdiction. *See Branch v. Coca–Cola Bottling Co. Consol.,* 83 F.Supp.2d 631, 632 (D.S.C.2000) (footnote omitted).

Champion maintains that its removal of CAP's Application and Motion for Confirmation of Arbitration Award was timely

because such filing by CAP was the "initial pleading setting forth a claim for relief." CAP asserts, to the contrary, that the thirty-day time period ran from the date of the filing of its original Complaint for Injunctive and Declaratory Relief in August of 1999. The question, thus, becomes whether CAP's Application and Motion for Confirmation of Arbitration Award was part of the action in state court for injunctive and declaratory relief or whether it was a separate proceeding triggering the thirty-day removal limit on its own. This court has been able to find no cases in this Circuit addressing this issue in the context of arbitration, nor have the parties cited to any. Nonetheless, there are decisions from other courts, particularly in the Second Circuit, which provide some guidance.

In *Marchant v. Mead–Morrison Mfg. Co.*, 29 F.2d 40 (2d Cir.1928), the plaintiff had commenced an action in state court for the appointment of an arbitrator. The state court granted the plaintiff's motion for appointment, which included the facts and issues in the dispute, and directed the parties to proceed to arbitration. The defendant then removed the case on diversity grounds. However, the federal court remanded the action for an inadequate amount in controversy. The defendant then appealed the state judge's order appointing an arbitrator and directing arbitration to the state court of appeals, and lost. Thereafter, the arbitration took place. Plaintiff was awarded over $800,000.00 on March 4, 1926. On October 14, 1927, plaintiff moved, in state court, to confirm the arbitration award. Defendant removed to federal court. The plaintiff then moved, in federal court, again to remand. The district court denied the plaintiff's motion to remand, but the appellate court reversed. The latter court held that the action to appoint an arbitrator and to confirm the award were part of the same action and stated:

> What transpired from the application to the state Supreme Court, and the entry of an order appointing an arbitrator, to and including the application for confirmation of the award made by the arbitrators, was a suit for specific performance of the contract. It was all one arbitration proceeding, to settle the controversies which had arisen between the parties. They were not separable controversies.

29 F.2d at 43. The court thereafter concluded that the motion to confirm the arbitrator's award had been untimely removed to federal court.

In *Hetherington & Berner, Inc. v. Melvin Pine & Co.*, 256 F.2d 103 (2d Cir.1958), the court addressed the timeliness of the removal of a proceeding to confirm an arbitration award filed after a proceeding for injunctive relief. In *Hetherington*, the plaintiff filed a breach of contract action in federal district court against three defendants, and on the same day obtained a temporary restraining order restraining the defendants from disposing of funds pending a hearing on plaintiff's motion for a preliminary injunction set for the following week. The day before such hearing was to take place before the district judge, the defendants filed a demand for arbitration with the American Arbitration Association ("AAA"). The next day, at the hearing before the court, the defendant served upon the plaintiff a motion to compel arbitration. The court continued the TRO and adjourned the hearing. At a conference in the district judge's chambers a few days later, the parties signed a stipulation which was filed in the district court. Generally, the parties agreed to provide a security bond and proceed to arbitration. *Id.* at 105. The stipulation included that the district court was to await the pending arbitration, and when the arbitration was completed and the judgment thereon entered, the suit shall be dismissed. It also provided that if any party violated the stipulation, the other party or parties could apply to the district court for relief. The judge also signed an order at the bottom of the stipulation dissolving the restraining order. *Id.*

The parties proceeded to arbitration, at which an award was entered. Plaintiff moved to confirm the arbitration award in district court. Soon thereafter, the defendant moved to vacate the award in state court. Plaintiff removed the motion to vacate to district court. Defendant filed a motion to remand. The district court confirmed the arbitration award, denied the motion to vacate, effectively denying the motion to remand.

On appeal, defendants argued that the district court had no power to remove the state court proceeding and should have granted the motion to remand. The Second Circuit disagreed, holding that the application to the district court to confirm the arbitration award was ancillary to and a continuation of the earlier suit in which a TRO had been issued and a stipulation of the parties filed. 256 F.2d at 107. The court opined that the parties had contemplated that judgment on the arbitrator's award would be entered in federal court where they already were by reason of diversity. The proceeding prior to the arbitration, the TRO and stipulation, the court held was "tantamount to an order of the court that the parties arbitrate." *Id.* *See also Old Dutch Farms, Inc. v. Milk Drivers & Dairy Employees Union Local 584,* 222 F.Supp. 125, 130 (E.D.N.Y.1963) ("As to the timeliness of removal the decisions of our federal courts in this Circuit are uniform. They hold that the twenty day [now, thirty day] period commences to run from the date of the first court action relating to the arbitration." (citations omitted)).

Most recently, in *Manze v. State Farm Ins. Co.,* 817 F.2d 1062 (3d Cir.1987), the court held that the plaintiff's second filing of a petition to appoint an arbitrator was a separate proceeding allowing the defendant thirty days to remove that action. The court, however, was very careful to limit its holding to the specific facts of the

case. In *Manze,* the plaintiff filed an initial petition to compel arbitration and to appoint an arbitrator in state court. After the filing of that petition, the parties agreed to arbitrate the matter. As a result of that agreement, the state court dismissed the petition to compel arbitration as moot. However, the arbitration never occurred. Plaintiff then filed an action for bad faith against the defendant in state court. Defendant removed. At a status conference before the district judge, the judge counseled plaintiff's lawyer that "he might withdraw this action and have the matter resolved in state court by picking an arbitrator and arbitrating the matter." *Id.* at 1069. Plaintiff then filed a praecipe [1] of dismissal, and the second petition to appoint a neutral arbitrator in state court. Defendant removed to federal district court.

Plaintiff claimed that the "initial pleading" from which the removal time period ran was her first petition to compel arbitration and for the appointment of an arbitrator. The court disagreed, reasoning that because the plaintiff's first petition to compel arbitration and to appoint an arbitrator was dismissed by the court, it did not "remain viable throughout the proceedings." *Id.* Therefore, the court found that defendant's removal of the second petition to appoint a neutral arbitrator was timely. *See* 14C Charles A. Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3732, at 348 (3d ed. 1998) ("If the defendant waits to file the notice of removal with the federal court until the plaintiff has moved to vacate or confirm the arbitration award made after the initial state court proceeding, most federal courts have ruled that the later motion is part of the same arbitration proceeding.").

 These cases all focus on the nature of the "initial proceeding" and whether it is so related to the arbitration as to

1. Praecipe is defined as: "an original writ drawn up in the alternative, commanding the defendant to do the thing required, or show

the reason why he had not done it." *Black's Law Dictionary* 1172 (6th ed.1990).

make all subsequent filings part of the same action.[2] In this case we have a Complaint for Injunctive and Declaratory Relief filed only days after CAP submitted its demand for arbitration to the AAA. CAP's complaint sought both injunctive relief relative to and pending the arbitration proceedings and outcome, which the state court granted. It also sought a declaration that the parties' contractual dispute was subject to arbitration. In his order of September 3, Judge Breeden declared that the parties' dispute was subject to arbitration. Just as in *Hetherington,* such was tantamount to an order that the parties arbitrate their dispute. Furthermore, Judge Breeden's injunction was considered in effect by the panel of arbitrators, as referenced in their Preliminary and final Award. While Champion repeats the portion of Judge Breeden's order in which he states his doubt that his court had jurisdiction over the matter, Judge Breeden exercised his jurisdiction over the action, and never dismissed the case. Judge Breeden's views on the scope of his jurisdiction do not, in any way, bind this court regarding the requirements of 28 U.S.C. § 1446(b).

■ Both parties recognize that even a case falling under the auspices of the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1–16, must meet independent grounds for removal jurisdiction. *See In re Mercury Construction Corp.,* 656 F.2d 933, 938 (4th Cir.1981). Champion's argument that the rules of the FAA apply to this matter does not require that the proceeding to confirm the award be deemed so separate and independent as to allow removal to federal court more than thirty days after the state court is vested with jurisdiction in the initial judicial proceedings. As Congress has seen fit to grant concurrent jurisdiction to state courts, the state court certainly is capable of deciding whether the FAA or the South Carolina Uniform Arbitration Act, S.C.Code Ann. §§ 15–48–10 to –240 (Supp.1999), applies to the matter.

### III. CONCLUSION

It is, therefore,

**ORDERED,** for the foregoing reasons that plaintiff's Motion to Remand is **GRANTED,** and Defendant's Motions to Stay or in the Alternative to Change the Arbitration Award and to Vacate or in the Alternative to Modify the Arbitration Award are hereby **MOOTED.**

**AND IT IS SO ORDERED.**

---

**2.** The presence of the grounds for removal must be unambiguous " ' in the light of the defendant's knowledge and the claims made in the initial complaint.' " *See Bobbin Publications, Inc.,* 525 F.Supp. at 246 (citing *Mielke,* 472 F.Supp. at 853). Champion does not claim that CAP's Complaint for Injunctive and Declaratory Relief failed to present grounds for removal based upon diversity jurisdiction.