CITY OF YSLETA v. CANDA et al.

(Circuit Court, W. D. Texas, El Paso Division. April 16, 1895.)

No. 190.

1. REMOVAL OF CAUSES—DIVERSE CITIZENSHIP—HOW SHOWN.
    It is not necessary, in order to give a right to remove a cause from a state to a federal court on the ground of diverse citizenship, that the diversity of citizenship should appear upon the face of the plaintiff's pleading, but it is sufficient if it is made to appear by the petition for removal. Chappell v. Waterworth, 15 Sup. Ct. 34, 155 U. S. 102, and Postal Tel. Cable Co. v. Alabama, 15 Sup. Ct. 192, 155 U. S. 482, distinguished.

2. SAME—CITIZENSHIP OF MUNICIPAL CORPORATION.
    A municipal corporation is a citizen of the state creating it, for the purposes of removal of causes to the federal courts.

This was an action by the city of Ysleta, Tex., against Charles J. Canda, William Strauss, and Simeon J. Drake, brought in the district court of El Paso county, Tex. The defendants removed the cause to the United States circuit court. Plaintiff moved to remand.

Ernest Dale Owen and Z. B. Clardy, for plaintiff.
Davis, Beall & Kemp, for defendants.

MAXEY, District Judge. This is a suit of trespass to try title, brought by the plaintiff against the defendants, in the district court of El Paso county, Tex., to recover a tract of land situated in said county. It is alleged in the original petition filed by the plaintiff in the state court that it, the city of Ysleta, is a municipal corporation in the county of El Paso and state of Texas, duly organized and incorporated under the laws of said state. The defendants seasonably and in proper form filed a petition and bond in the state court for removal of the cause to this court, the petition for removal alleging that the plaintiff is a citizen of the state of Texas, and that the defendants are residents and citizens of the state of New York. In other words, the petition for removal, upon its face, shows that at the time the original petition of the plaintiff was filed in the state court, and at the date of the filing of the petition and bond for removal, the plaintiff was a citizen of the state of Texas, and the defendants citizens of the state of New York. The record was in due time filed by the defendants in this court. The plaintiff now makes a motion to remand the cause to the state court, on the following grounds, to wit:

"(1) That the plaintiff and defendants are not citizens of different states.

"(2) For the reason that the plaintiff is not a citizen of any state.

"(3) That the plaintiff's petition filed in the said district court of El Paso county does not on its face show any cause for the removal of said suit to the federal court, there having been no other pleadings filed in said cause, and there being nothing in the record, as being made before the removal of said cause, to show any valid reason for removing the same.

"(4) That the petition of defendants filed in the district court of El Paso county does not show cause sufficient for removal of said cause from said district court to this court."

The questions arising upon the first and second grounds of the motion are neither novel nor difficult. In the case of Zambrino v. Railway Co., 38 Fed. 451, it was said by this court that:

"Whatever doubts may have been formerly expressed by the courts touching the citizenship of corporations for jurisdictional purposes (Strawbridge v. Curtiss, 3 Cranch, 267; Bank v. Deveaux, 5 Cranch, 61 et seq.), the question has been effectually set at rest by later cases, and is no longer open to controversy. The present doctrine, as settled by the supreme court, is 'that, where a corporation is created by the laws of a state, the legal presumption is that its members are citizens of the state in which alone the corporate body has a legal existence; and that a suit by or against a corporation in its corporate name must be presumed to be a suit by or against citizens of the state which created the corporate body; and that no averment or evidence to the contrary is admissible for the purposes of withdrawing the suit from the jurisdiction of a court of the United States.' Steamship Co. v. Tugman, 106 U. S. 120, 121, 1 Sup. Ct. 58; Railroad Co. v. Koontz, 104 U. S. 12; Railroad Co. v. Harris, 12 Wall. 81, 82; Paul v. Virginia, 8 Wall. 178; Muller v. Dows, 94 U. S. 445; Cowles v. Mercer Co., 7 Wall. 121; Railroad Co. v. Wheeler, 1 Black, 296, 297; Marshall v. Railroad Co., 16 How. 314 et seq.; Railroad Co. v. Letson, 2 How. 497 et seq."

But the plaintiff insists that the rule above announced is only applicable to private corporations, and has no reference to corporations organized under state laws for municipal purposes. The case of Cowles v. Mercer Co., supra, is decisive against the contention of the plaintiff. In that case, Cowles, who was a citizen of the state of New York, brought suit in the circuit court of the United States for the Northern district of Illinois against the supervisors of Mercer county, Ill. Mr. Goudy, representing Mercer county, in the supreme court, claimed in his brief that, although a private corporation might be deemed a citizen for jurisdictional purposes, yet the same rule would not apply to a municipal corporation. The court, speaking through Mr. Chief Justice Chase, disposed of the question in the following language:

"It has never been doubted that a corporation, all the members of which reside in the state creating it, is liable to suit upon its contracts by the citizens of other states; but it was for many years much controverted whether an allegation in a declaration that a corporation defendant was incorporated by a state other than that of the plaintiff, and established within its limits, was a sufficient averment of jurisdiction. And in all cases prior to 1844 it was held necessary to aver the requisite citizenship of the corporators. Then the whole question underwent a thorough re-examination in the case of Railroad Co. v. Letson; and it was held that a corporation created by the laws of a state, and having its place of business within that state, must, for the purposes of suit, be regarded as a 'citizen,' within the meaning of the constitution, giving jurisdiction founded upon citizenship. This decision has been since reaffirmed, and must now be taken as the settled construction of the constitution."

The concluding words of the chief justice, that "this decision * * * must now be taken as the settled construction of the constitution," conclusively settles the point as to the citizensip of a municipal corporation. Why, then, pursue the discussion of a question which no controversy can reopen, in view of Cowles v. Mercer Co. and the large number of cases subsequently decided by the supreme court, arising between individuals and municipal corporations, in which the only possible ground of jurisdiction was that of diverse citizenship?

Counsel for plaintiff insists, under the third ground of the motion, that the suit is not removable unless the plaintiff, in its own statement of its cause of action, sets forth facts sufficient to confer jurisdiction upon the court, and that no deficiency in the plaintiff's statement in that respect can be supplied by the defendants in their petition for removal or any subsequent pleadings filed in the cause. This view is predicated upon a misapprehension of the real question decided by the supreme court in Chappell v. Waterworth, 155 U. S. 102, 15 Sup. Ct. 34, and Postal Tel. Cable Co. v. Alabama, 155 U. S. 482, 15 Sup. Ct. 192. In the two cases last cited, removal of the causes was attempted on the ground that the suits arose under the constitution or laws of the United States, that fact first appearing in the petitions for removal; and in those cases it was held that the causes were not removable, for the reason that the original petitions of the plaintiffs, filed in the state court, failed to show, upon their face, that the suits arose under the federal constitution or laws. As before stated, diverse citizenship is the ground relied upon by the defendants to remove the case now before the court; and this class of cases is not embraced within the ruling of the supreme court above mentioned. Thus, it is said by Mr. Justice Gray in Chappell v. Waterworth, 155 U. S. 107, 15 Sup. Ct. 34, that:

"The question of removal is governed by the decision of this court in the last term, in Tennessee v. Bank of Commerce, 152 U. S. 454, 14 Sup. Ct. 654, by which, upon full consideration, it was adjudged that under the acts of March 3, 1887, c. 373 (24 Stat. 552), and August 13, 1888, c. 866 (25 Stat. 433), a case not depending upon the citizenship of the parties, nor otherwise specially provided for, cannot be removed from a state court into the circuit court of the United States, as one arising under the constitution, laws, or treaties of the United States, unless that appears by the plaintiff's statement of his own claim; and that, if it does not so appear, the want cannot be supplied by any statement in the petition for removal or in the subsequent pleadings."

It thus appears that, where removal of a cause is sought on the ground solely of diverse citizenship, it is not necessary that the original petition filed by the plaintiff in the state court should, upon its face, show the jurisdictional facts; it being sufficient in such case that diverse citizenship be made to appear by distinct and proper averments in the petition filed for removal of the cause.

There being no other ground of objection urged by the plaintiff against the removal of this suit, it follows that the motion to remand should be overruled; and it is so ordered.