Eunice BONNELL, joined by and with her husband, Irving Bonnell, and Irving Bonnell, individually, Plaintiffs,

v.

SEABOARD AIR LINE RAILROAD COMPANY, a Virginia corporation, Defendant.

Civ. A. No. 331.

United States District Court
N. D. Florida,
Gainesville Division.

Jan. 30, 1962.

Philip Barton, Gainesville, Fla., for plaintiffs.

James E. Clayton, Gainesvile, Fla., for defendant.

CARSWELL, Chief Judge.

Plaintiff filed a motion to remand this cause to the Eighth Judicial Circuit Court in and for Alachua County, Florida on the grounds that the petition for removal was not timely filed.

On June 6, 1961 plaintiffs, citizens of Florida, filed their complaint against defendant, a corporation, incorporated in Virginia, and with principal place of business located in Richmond, and alleged damages "in excess of five-hundred dollars ($500.00)."

On June 29, 1961 defendant answered setting forth various grounds for his defense.

Plaintiff directed certain interrogatories to defendant which in the course of state court proceedings were answered.

On November 1, 1961, pursuant to Rule 1.30, Florida Rules of Civil Procedure, 30 F.S.A., defendant requested plaintiff to admit in writing, on or before November 13, 1961, that the matter in controversy exceeded the sum of $10,000, exclusive of interest and costs. Plaintiff made no response thereto.

On November 28, 1961 defendant filed a petition for removal to this court alleging diversity of citizenship and jurisdictional amount as its basis for invoking the jurisdiction of this court.

Plaintiffs contend that this court should remand on the ground that removal was attempted too late. On July 31, 1961 counsel for plaintiff wrote counsel for defendant demanding $50,000 in settlement. This was rejected. Plaintiffs contend that this was sufficient notice for defendant to be apprised that the matter in controversy exceeded the sum of ten thousand dollars, and that defendant had twenty days from that time in which to remove. Plaintiffs also urge that since the letter referred to the taking of a deposition of a physician, and since the physician subsequently testified on deposition that one of the plaintiffs' permanent physical disabilities was approximately 30%, therefore, they say, the letter and the deposition taken together showed at that time the requisite jurisdictional amount.

It would follow, then, under this argument, that the statutory twenty day period available to defendant for removal began to run on that day.

28 U.S.C. §§ 1331 and 1441 authorizes the removal of cases from state courts where there is diversity of citizenship and the amount in controversy exceeds the sum of $10,000 exclusive of interest and costs.

The jurisdictional amount is that amount which is claimed by the plaintiff in his complaint and not that which is alleged in the defendant's petition for removal. Gaitor v. Peninsular and Occidental Steamship Company et al., 287 F. 2d 252 (5th Cir. 1961).

Since in this case the plaintiffs' complaint merely alleged damages in excess of $500.00 the defendant could not remove this cause from the state court

*until* it was shown that the requisite jurisdictional amount existed.

28 U.S.C. § 1446(b) authorizes removal of causes from state courts where the cause stated by the initial pleading is not removable. "A petition for removal may be filed within twenty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it *may first be ascertained* that the case is one which is or has become removable." (Emphasis added)

In Putterman v. Daveler, 169 F.Supp. 125 (D.C.Del.1958), it was held that in order to meet the sufficiency of the statute, the term "other paper" meant a paper which was filed of record. In construing the term "through service or otherwise", the court held in Potter v. McCauley, 186 F.Supp. 146 (D.C.Md. 1960), that upon defendant's counsel receiving copy of the complaint prior to the time service was made upon defendant personally, and prior to the time the complaint was filed of record, the twenty day period began either from the date of the receipt by defendant of service of the complaint, or from the date of the filing.

In Gilardi v. Atchison, Topeka and Santa Fe Railroad Company, 189 F.Supp. 82 (N.D.Ill.1960) where the state court did not require depositions to be filed of record, an unfiled deposition met the test of "other paper" since the discovery deposition was a part of the state judicial process. The court there stated that the term "other paper" refers to court processes even though not required to be filed, so long as these papers are part and parcel of state court proceeding and have their origin and existence by virtue of state court processes.

This court holds that mere correspondence between counsel for plaintiffs and defendant is not sufficient to bring plaintiffs' correspondence into the definition of "other paper" as set forth by the courts above. Neither can a deposition which states that a plaintiff is suffering a 30 per cent disability be read together with such letter to constitute notice that the case is one which was then removable. This would require defendant to translate percentage disability into a substantially larger dollars and cents claim than otherwise asserted by plaintiffs in their complaint. Moreover, this would require the court to assume too much in order to confer jurisdiction.

The Court, therefore, holds that neither the date of the letter nor the date of the physician's deposition starts the running of the twenty day period.

Rule 1.30 Florida Rules of Civil Procedure provides for requests for admission. The rule states that requests for admission which are not denied specifically, are taken as admitted.

Since defendant submitted a request for admission pursuant to this rule on November 1, 1961, and requested the plaintiffs to admit that the amount in controversy exceeded the sum of $10,000 exclusive of interest and costs, failure of the plaintiffs to so deny the request was an admission that the matter in controversy exceeded the sum of $10,000 exclusive of interest and costs. Plaintiffs were required to reply to the request for admission by November 13, 1961 and that fact was deemed admitted as of that date.

Since defendant filed his petition for removal on November 28, 1961, the petition was within the twenty day period prescribed in the statute, and, therefore, was timely filed.

In the Gaitor case, cited above, the Court of Appeals for the Fifth Circuit did not attempt to specify what methods were at the disposal of defendant for ascertaining whether jurisdictional amount is present where plaintiff's ad damnum clause is indefinite.[1]

Defendant need not wait until a case is ready for trial before using methods at his disposal to make the record clear that jurisdictional amount is present. The

---

1. See Case Noted 15, Miami Law Review 415, for an able discussion of some of the alternatives open to counsel.

method here employed by defendant was prompt and effective in pinpointing the issue.

Order in accordance previously entered.