Herbert O. MIELKE, Plaintiff,

v.

ALLSTATE INSURANCE COMPANY, Defendant.

Civ. A. No. 9–71431.

United States District Court,
E. D. Michigan, S. D.

July 9, 1979.

Donald J. Morbach, Morbach, Cheatham & MacArthur, Detroit, Mich., for plaintiff.

Roger A. Smith, Garan, Lucow, Miller, Lehman, Seward & Cooper, Detroit, Mich., for defendant.

## MEMORANDUM OPINION AND ORDER

JOINER, District Judge.

The plaintiff brought this action against the insurance company under a no-fault insurance policy when the company failed to pay the amount due under the policy. The initial complaint stated a claim for insurance benefits and for damages caused by Allstate's failure to pay promptly, and asked for a declaration that the policy of insurance be held applicable and that the plaintiff be compensated pursuant to the statute and policy and for exemplary and punitive damages. It did not put a dollar amount on the claim.

Fifteen days after filing the initial complaint, the plaintiff filed an amended complaint in which he put a dollar amount on the claim by asking recovery in the amount of more than Five Million Dollars. Allstate filed a petition to remove the case to federal court 30 days after receiving the plaintiff's amended complaint.

The plaintiff contends that the defendant should have known from the face of the original complaint that more than $10,000 was involved. The defendant had actual knowledge that the insurance claims on which the suit was based were over $10,000. Therefore, the plaintiff contends that the defendant should have removed within 30 days of the defendant's receipt of the original complaint from which the defendant, in light of its knowledge, could ascertain that the case was removable.

The defendant contends that by filing the petition for removal within 30 days after receipt of the amended complaint (the first complaint to demand a specific amount above $10,000), it has complied with the removal statute and that removal was timely.

A case may be removed even if the complaint does not specifically state an amount in controversy which is sufficient

for removal. *Horak v. Color Metal of Zurich, Switzerland,* 285 F.Supp. 603 (D.N.J. 1968); *W. M. Inman v. Milwhite Co.,* 261 F.Supp. 703 (E.D.Ark.1966). Often a specific claim is not necessary to the plaintiff's state court action and there will be no reason for the plaintiff to include it in the complaint. According to 28 U.S.C. § 1446(b), the complaint only needs to set forth the claim for relief upon which the action to be removed is based. *Horak, supra.*

Allstate could certainly have removed the case based on the initial complaint. The defendant's counsel admitted in court that it had known since before the filing of the suit that the claims under that insurance policy alone were well in excess of $10,000. The plaintiff had presented the defendant company medical bills and expenses of over $10,000. It was clear from the original complaint that all of those claims under the policy, plus tort damage claims against the insurance company, were included in the recovery sought.

■ When the defendant should clearly ascertain from the circumstances and the original complaint that the case is removable, the defendant must remove, if at all, within 30 days of receipt of that complaint. *Lee v. Altamil Corporation,* 457 F.Supp. 979 (M.D.Fla.1978). The only time extension allowed by § 1446(b) is for cases where removability cannot be ascertained until the defendant receives subsequent information from the plaintiff. Some courts construe this to mean that the elements of removability must be specifically indicated in official papers before the statutory period begins to run. *Jong v. General Motors Corporation,* 359 F.Supp. 223 (N.D.Cal.1973); *Bonnell v. Seaboard A. L. R. Co.,* 202 F.Supp. 53 (D.C.Fla.1962). These cases suggest a policy that does not require a defendant to speculate about jurisdictional elements on pain of losing his right to remove. However, in diversity cases that can best be handled in state court, there is no reason to allow a defendant additional time if the presence of grounds for removal are unambiguous in light of the defendant's knowledge and the claims made in the initial complaint. To permit removal in this case would circumvent the purpose of § 1446(b) which is to limit the time for removal except where the defendant cannot be sure that the case is removable.

■ Federal courts should avoid encroachment on state court jurisdiction by strictly construing the removal statutes in diversity cases against the extension of federal power. As a result of the defendant's laxity in taking steps for removal within the time required by the statutes, *Shamrock Oil and Gas Corp. v. Sheets,* 313 U.S. 100, 61 S.Ct. 868, 85 L.Ed. 1214 (1941); *Perrin v. Walker,* 385 F.Supp. 945 (D.C.Ill.1974), the motion to remand is granted.

So ordered.