Nelwyn KELLER, Plaintiff,

v.

C. L. CARR, Defendant.

No. 81–3009.

United States District Court,
W. D. Arkansas,
Harrison Division.

Nov. 10, 1981.

John R. Elrod, Siloam Springs, Ark., and Ronald D. Young, Walker, Campbell & Young, Harrison, Ark., for plaintiff.

Frank C. Elcan, II, Meadows & Elcan, Harrison, Ark., for defendant.

## MEMORANDUM OPINION

WATERS, Chief Judge.

This matter was removed to this court by petition for removal filed in behalf of the defendant on March 31, 1981. The complaint was filed initially in the circuit court of Boone County, Arkansas, on March 17, 1980, and alleges that the plaintiff loaned, at various times, sums of money to the defendant in the total amount of $235,-879.40, and that that amount remains unpaid. In the complaint, the plaintiff alleges that he was a resident of Pulaski County, Arkansas, and that: "Defendant is an individual whose principal place of residence is believed to be Springfield, Missouri, or Harrison, Boone County, Arkansas."

The file does not reflect the date of service upon the defendant, but on May 9, 1980, the defendant filed a motion to dismiss and brief in support, alleging that venue was not proper on the grounds that, at the time of the filing of the complaint and at the time that the cause of action arose, he was a resident of Missouri.

After a response by the plaintiff, and after the filing by each of the parties of various discovery notices and motions in relation to discovery, on March 16, 1981, after hearing, the circuit court of Boone County, held that venue was proper, and in the order the court states:

"For purposes of defendant's motion to dismiss on grounds of venue, the court accepts as factually correct, defendant's contention that he is a resident and citizen of Springfield, Missouri."

On March 31, 1981, the defendant filed a petition for removal and requisite bond, removing the matter to this court. In the petition for removal, the defendant alleges, among other things, and as he had done throughout the proceedings, that he was a resident of the State of Missouri at the time

that the cause of action arose and at the time suit was filed. Simultaneously with the filing of the removal papers, he filed an answer, which admitted that he was a resident of Springfield, Missouri.

On April 1, 1981, the plaintiff filed a document which he entitled "Objection to Petition for Removal and Motion for Remand", in which he claims that the petition for removal was not timely filed, in that it was filed more than thirty (30) days after the service of summons upon the defendant. The plaintiff requests that the court forfeit the removal bond posted by the defendant in the amount of $250.00 to reimburse him for his expenses in this matter caused by the wrongful removal.

Plaintiff relies on the provisions of the first paragraph of 28 U.S.C. 1446(b), which clearly requires that a petition for removal must be filed in a removable case within thirty (30) days after the service of summons upon the defendant, except in circumstances not present in this case. However, the defendant claims that the second paragraph of 28 U.S.C. 1446(b), applies and causes his filing of the petition for removal to be timely. That paragraph provides:

> "If the case stated by the initial pleading is not removable, a petition for removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."

He argues that because the complaint alleges that he was a resident of either Arkansas or Missouri, the case had not become removable under the provisions of this statute until, in his words, the court ruled that he was a resident of Missouri. We believe that this argument is without merit, and that the case must be remanded for the reasons set forth below.

■ The provisions of 28 U.S.C. 1446(b), quoted above, clearly were intended to provide only that a defendant may remove a case within thirty (30) days after learning that a case becomes removable where he

has no knowledge at the time of the filing of the complaint and cannot ascertain from the complaint that the matter may be removed.

■ It should be remembered in this case that the plaintiff, from the time of the filing of the very first pleading in the case by him took the position that he was a resident of Missouri. That was the position that he obviously maintained from the time of the filing of the complaint until the attempted removal. While he states that the circuit court ruled in the order in relation to venue that he was a resident of Missouri, and seems to argue that this was the first time that anyone knew for sure where his residence was, it is obvious from a mere reading of the file that this is simply not true. In the first place, the circuit court did not rule that he was a resident of Springfield, Missouri, but merely stated that in ruling upon the venue question, the court would accept as factually correct, defendant's contention (that he had made all along) that he was a resident of Springfield, Missouri. Presumably, the defendant knew all along where his residence was, and as was pointed out above, he even advised the circuit court that his residence was in Missouri. It stretches this court's logic well past the breaking point to maintain that the defendant can allow the case to remain in state court while he engages in discovery in state court, all the while arguing that the state court venue is improper because he is not a resident of Arkansas, but is a resident of Missouri. Then, only after he loses that argument, he decides that the matter should be removed to this court.

■ Neither of the parties have pointed to any cases directly on point, and the court, through independent research, has found none, but the courts have repeatedly held, in an analogous situation, that the defendant cannot sit idly by while the thirty (30) day statutory period runs in cases where the complaint does not set forth the amount of the damages prayed for if the defendant is able to determine from a fair reading of the complaint or other papers filed that the

minimum jurisdictional amount exists. *Mielke v. Allstate Ins. Co.*, 472 F.Supp. 851 (D.C.Mich.1979); *Lee v. Altamil Corp.*, 457 F.Supp. 979 (D.C.Fla.1978).

In addition, the courts have consistently held that:

> "Where the removal of a cause is sought on the ground solely of diverse citizenship, it is not necessary that the original petition filed by the plaintiff in the state court should upon its face, show the jurisdictional facts; it being sufficient in such case that diverse citizenship be made to appear by distinct and proper averments in the petition filed for removal of the causes." *Ysleta v. Canda*, 67 F. 6 (C.C. Tex.1895). See, also, *Mitchell v. Smale*, 140 U.S. 406, 11 S.Ct. 819, 35 L.Ed. 442; *Stevens v. Nichols*, 130 U.S. 230, 9 S.Ct. 518, 32 L.Ed. 914; *Cameron v. Hodges*, 127 U.S. 322, 8 S.Ct. 1154, 32 L.Ed. 132; *Mansfield, etc., R. Co. v. Swan*, 111 U.S. 379, 4 S.Ct. 510, 28 L.Ed. 462.

Thus, it can be seen from the above that even if the complaint filed in this matter had totally failed to make any allegations relative to citizenship of either of the parties, the defendant may remove the case by stating the proper jurisdictional facts in the petition for removal. In this case, there was no question that he knew what those jurisdictional facts were, and we believe, and hold, that the defendant not only could have, but was required to remove the case within thirty (30) days of service of the summons upon him, alleging the proper jurisdictional facts in the petition for removal.

Of course, the law is well settled that the removal statutes shall be strictly construed in favor of state court jurisdiction. *Viles v. Sharp*, 248 F.Supp. 1019 (D.C. Mo.1965); *Higson v. North River Ins. Co.*, 184 F. 165 (C.C.N.C.1911); *Daugherty v. Western Union Tel. Co.*, 61 F. 138 (C.C.Ind. 1894); *Crawford v. Fargo Mfg. Co.*, 341 F.Supp. 762 (D.C.Fla.1972); *Proteus Foods & Industries, Inc. v. Nippon Reizo Kabushiki Kaisha*, 279 F.Supp. 876 (D.C.N.Y.1967); *Zeagler v. Hunt*, 38 F.Supp. 68 (D.C.La. 1941); *Saldibar v. Heiland Research Corpo-*ration, 32 F.Supp. 248 (D.C.Tex.1940); *McCurtain County Production Corp. v. Cowett*, 482 F.Supp. 809 (D.C.Okl.1978); *Crompton v. Park Ward Motors, Inc.*, 477 F.Supp. 699 (D.C.Pa.1979); *Mielke v. Allstate Ins. Co.*, 472 F.Supp. 851 (D.C.Mich.1979).

An order will be entered remanding this case to the circuit court of Boone County, Arkansas.