**Teresa G. ROBINSON, Plaintiff,**

v.

**QUALITY INSURANCE COMPANY, Defendant.**

Civ. A. No. 86–0282–H–C.

United States District Court,
S.D. Alabama, S.D.

April 23, 1986.

William L. Utsey, Butler, Ala., for plaintiff.

Thomas M. Galloway, Jr., Collins, Galloway & Smith, Mobile, Ala., for defendant.

## ORDER

HAND, Chief Judge.

This Court is called upon to again examine the removal statutes in regard to an indeterminate state court complaint as it hopes to mutate into a case cognizable under federal jurisdiction.[1] It is the Court's

---

1. The Court's most recent catch of an indeterminate is chronicled in *Weaver v. Miller Elec.*

intention to make the analysis of such cases a matter of straightforward interpretation instead of speculation.

In this instance the object of investigation is a complaint filed in the Circuit Court of Choctaw County, Alabama, alleging three counts arising out of an insurance contract issued by the defendant to the plaintiff. The first and third counts of the complaint allege breach of contract, and request damages of, respectively, $2,527.15 and $262.50. The second count alleges a tort of bad faith by defendant, and contains no ad damnum. The defendant filed a removal petition containing the conclusory assertion that "the matter in controversy exceeds the jurisdictional amount, exclusive of interest and costs." Removal Petition at 2, ¶ 4. Since the removal, plaintiff has amended his complaint to include in his second count a request for damages in the amount of $5,000.00. The question before the Court is whether there is jurisdiction over this case.

The basis for jurisdiction in the removal petition was alleged as diversity of citizenship under 28 U.S.C. § 1332(a)(1), as the controversy is between a citizen of Alabama and a citizen of West Virginia,[2] and the amount in controversy exceeds $10,-000.00. There is no doubt that diversity of citizenship exists. The question is whether the amount in controversy is sufficiently large.

■ As in all removal cases, the proper analysis begins by stating the fundamental principles governing removals from state to federal court. First, removal is a purely statutory remedy, authorized by 28 U.S.C. § 1441:

Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the

district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a). Being purely statutory, removal jurisdiction must be construed narrowly so as to limit federal jurisdiction, *Shamrock Oil Corp. v. Sheets*, 313 U.S. 100, 61 S.Ct. 868, 85 L.Ed. 1214 (1941); *Rollwitz v. Burlington N. R.R.*, 507 F.Supp. 582 (D.Mont.1981); and prevent encroachment on the state courts' right to decide cases properly brought before it. *See, e.g., Town of Freedom, Okla. v. Muskogee Bridge Co.*, 466 F.Supp. 75 (W.D. Okla.1978); *Lee v. Volkswagen of America, Inc.*, 429 F.Supp. 5 (W.D.Okla.1976); *Perrin v. Walker*, 385 F.Supp. 945 (E.D.Ill. 1974). This is especially true in diversity cases. *See, e.g., Auto Ins. Agency, Inc. v. Interstate Agency, Inc.*, 525 F.Supp. 1104 (D.S.C.1981); *Lee v. Volkswagen, supra; Perrin v. Walker, supra.* The removing defendant bears the burden of establishing the right to invoke federal jurisdiction. *Pullman Co. v. Jenkins*, 305 U.S. 534, 540, 59 S.Ct. 347, 350, 83 L.Ed. 334, 339 (1939); *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545 (5th Cir.1981); *Weaver v. Miller Elec. Mfg. Co.*, 616 F.Supp. 683 (S.D.Ala.1985); *Garza v. Midland Nat'l Ins. Co.*, 256 F.Supp. 12 (S.D.Fla.1966).

■ An indeterminate complaint is one which does not state facts affirmatively showing the removable nature of the case. Thus the complaint may not contain a maximum ad damnum, or it may only allege the residency of the various parties rather than the citizenship of each, or it may, in Alabama and some other states, contain allegations against fictitious parties. In each of these cases, the complaint does not show that the case is *not removable*, it simply does not comment on federal jurisdiction. This is appropriate, because state court pleadings should not have to be drafted with *federal* jurisdiction in mind. *Blow v. Liberty Travel, Inc.*, 550 F.Supp. 375 (E.D.

---

*Mfg. Co.*, 616 F.Supp. 683 (S.D.Ala.1985).

**2.** A corporation is a citizen of any state in which it is incorporated, and of the state in which its principal place of business is located. 28 U.S.C.

§ 1332(c). Defendant Quality Insurance Company is a citizen of West Virginia by either definition.

Pa.1982); *Kaneshiro v. N. Am. Co. for Life & Health Ins.,* 496 F.Supp. 452 (D.Hawaii 1980).

Indeterminate complaints pose two independent analytical problems, which should not be, but sometimes are, confused. First is whether the case is removable. Second is whether the removal is timely. In order to find that an indeterminate case is removable, the federal court must be able to look beyond the state court complaint to find the facts supporting jurisdiction. There is ample authority to support the federal court's independent evaluation of jurisdiction. At least one court has held outright, however, and others have intimated in dictum, that the plaintiff's complaint must show jurisdiction. This latter approach is erroneous because it blurs the distinction between the two concepts stated above.

■■■ Federal courts have not only the authority, but the duty to independently determine the propriety of jurisdiction. First, a federal court must act *sua sponte* when there is a question about jurisdiction. *See, e.g., St. Paul Mercury Indem. Co. v. Red Cab Co.,* 303 U.S. 283, 287 n. 10, 58 S.Ct. 586, 589 n. 10, 82 L.Ed. 845 (1938); 13 C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure* § 3522 at 69–70 and 70 n. 12 (1984). Second, numerous courts have determined whether jurisdiction was proper, even though the complaint filed in state court did not affirmatively demonstrate removability. *See, e.g., Lewis v. Charles H. Bentz Assoc., Inc.,* 601 F.Supp. 109, 113 (E.D.Wis.1985); *Kaneshiro v. N. Am. Co. for Life & Health Ins., supra; Horak v. Color Metal of Zurich, Switzerland,* 285 F.Supp. 603 (D.N.J.1968); *State of Alabama v. Robinson,* 220 F.Supp. 293 (N.D.Ala.1963); *Dri Mark Products, Inc. v. Meyercord Co.,* 194 F.Supp. 536 (S.D.N.Y.1961); *Mayor of Baltimore v. Weinberg,* 190 F.Supp. 140 (D.Md.1961): *Cross v. Oneida Paper Products Co.,* 117 F.Supp. 919 (D.N.J.1954); *Daland v. Hewitt Soap Co.,* 27 F.Supp. 482 (S.D.N.Y.1939); *City of Ysleta v. Canda,* 67 F. 6 (C.C.W.D.Tex.1895). Third, as the defendant bears the burden of establishing federal jurisdiction via removal, it is appropriate to look to the removal petition to ascertain jurisdiction. The defendant need not simply rely on the facts stated in the complaint, particularly when the crucial facts determining jurisdiction are within the defendant's knowledge anyway. *See, e.g., Keller v. Carr,* 534 F.Supp. 100 (W.D. Ark.1981); *Nicholas v. Macneille,* 492 F.Supp. 1046 (D.S.C.1980).

The authority to the contrary is unpersuasive. There are a number of cases indicating that an indeterminate complaint was either non-removable, or prematurely removed. The most persuasive of these is *Rollwitz v. Burlington N.R.R.,* 507 F.Supp. 582 (D.Mont.1981). The seminal case is *Bonnell v. Seaboard Air L.R.R.,* 202 F.Supp. 53 (N.D.Fla.1962). *Bonnell* held that a complaint alleging damages greater than $500.00, the jurisdictional minimum in state court, did not trigger the thirty day time limit of 28 U.S.C. § 1446(b). This holding was based on the statement that "the defendant could not remove this cause from the state court *until* it was shown that the requisite jurisdictional amount existed." 202 F.Supp. at 54–55 (emphasis in original). *Rollwitz* held that an indeterminate case should be remanded because the defendant failed to establish jurisdiction, a *result* with which this Court cannot quarrel. However, on the way to reaching this salutary end, the court indicated in dicta that the thirty days limit should not run because the defendant should not have to speculate over removability. Both *Bonnell* and *Rollwitz,* ultimately, base their theories on a misinterpretation of *St. Paul Mercury Indem. Co., supra. Bonnell*'s particular hybrid was obtained second hand, as will be seen.

The relied on language in *St. Paul Mercury* states that "the sum claimed by the plaintiff controls if the claim is apparently made in good faith." 303 U.S. at 288, 58 S.Ct. at 590, 82 L.Ed. at 848. This language is cited by *Rollwitz,* 507 F.Supp. at 585. *Bonnell*'s reliance on the above quote is derived from *Gaitor v. Peninsular & Occidental S.S. Co.,* 287 F.2d 252

(5th Cir.1961). *Gaitor,* not unlike *Rollwitz,* held that the defendant failed to effect removal by failing to show the existence of the requisite jurisdictional amount. Unfortunately, also like *Rollwitz, Gaitor* quoted the above quoted language from *St. Paul Mercury* while stating unnecessary and confusing dicta. *Bonnell* relied on the *Gaitor* dicta for its holding. More importantly, *Gaitor* completely misconstrued *St. Paul Mercury.* What the United States Supreme Court actually said was: "The rule governing dismissal for want of jurisdiction *for cases brought in federal court* is that, unless the law gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith." 303 U.S. at 288, 58 S.Ct. at 590, 82 L.Ed. at 848 (emphasis added). When this complete sentence is examined one discovers that it has absolutely nothing to do with removal jurisdiction. The scope of removal jurisdiction is not the same as that of original jurisdiction. *See* C. Wright, *Law of Federal Courts,* 210 (1983). This reliance on language taken out of context thoroughly undermines the *Gaitor-Bonnell-Rollwitz* analysis of indeterminate complaints. Removability does not depend on the allegations in the state court complaint, which, as previously noted, should not have to be drafted with an eye to federal jurisdiction. If a case is removable, then it's removable, regardless of whether the complaint *shows* federal jurisdiction. As *Rollwitz* somewhat anomalously held, the federal district court has the duty to inquire as to the jurisdictional amount.

■ *Rollwitz* also espouses a flawed theory of premature removal. The statute authorizing removal does not say anything about removals that occur too soon. It merely requires that defendants exercise due diligence to remove cases within a spe-

cific time: thirty days. 28 U.S.C. § 1446(b). The premature removal theory comes from looking at section 1446(b) to determine *jurisdiction,* instead of just timeliness. Section 1446(b) does not define when a case is removable, it only defines when the clock will begin running, and how long it will run. To be sure, 1446(b) contemplates three categories of cases, (not two as held by *Rollwitz* ), *see Kaneshiro, supra,* but this is only to aid in deciding whether the time limit has expired. Apparently, courts following the *Rollwitz* approach have decided that since the subsection defines a class of cases when the time limit is not yet running, it must perforce define a class of non-removable cases. The flaw in this reasoning is that non-removable cases are ones in which *jurisdiction* is not present. The thirty day time limit of section 1446(b), however, is *not jurisdictional,* but merely formal and modal, albeit mandatory. *Powers v. Chesapeake & Ohio Ry.,* 169 U.S. 92, 18 S.Ct. 264, 42 L.Ed. 673 (1898). The proper approach, therefore, is not to cloud the waters by stirring up the time limit mud at the bottom of the pool, but simply to divine the answer to jurisdictional questions from the clear language of section 1441. Section 1446(b) only provides a limit on the time a party may use to remove, it does not determine removability.

It should now be obvious that removals cannot be premature. The whole concept is simply an unauthorized gloss on the statute. A case is either removable or not, and if not, remand is proper. If a non-removable case later becomes removable, the court deals with that problem then. The time limit is a separate issue.

Having established that an indeterminate case may indeed be removable, and the burden of demonstrating that fact rests on the defendant,[3] the Court now turns to

---

**3.** The Court notes that the dicta in *Rollwitz* stating that defendants need not speculate on removability disregards this fundamental principle. When a defendant need not exercise such diligence, the purpose of section 1446(b) is thwarted, as the defendant can have it both ways. He can know the case is removable, and yet wait until removal is convenient. This re-

sults in unnecessary and wasteful conflicts between the state and federal systems. Note that the defendant will not be held accountable for the thirty days when the complaint contains *no clue* of its removability. *See Kaneshiro v. N. Am. Co. for Life & Health Ins.,* 496 F.Supp. 452 (D.Hawaii 1980). An exception to the general rule putting the burden of diligence on the de-

resolving the present question: is the instant case removable?

The Court's analysis begins with the remark that the defendant in this case acted properly in removing. The complaint seeks damages for the tort of bad faith refusal by an insurance company to pay amounts under a policy. Even a cursory examination of recent developments in Alabama shows that a defendant's potential exposure will almost certainly exceed $10,-000.00, thus providing a basis for federal jurisdiction. *See, e.g., Aetna Life Ins. Co. v. Lavoie,* 470 So.2d 1060 (Ala.1985). The Court finds that in this case, however, the defendant has failed to carry the burden of proving the requisite jurisdictional amount is really at stake.

▆▆▆▆ After removal, and prior to moving for remand, plaintiff filed an amended complaint stating that the damages sought under count two are $5,000.00. As a preliminary matter, the amendment is of no binding effect, since plaintiff did not obtain leave of court prior to filing it. *See* Fed.R. Civ.P. 15(a). More importantly, action by a plaintiff subsequent to removal cannot deprive this Court of jurisdiction if the removal was proper when filed. *See, e.g., Lewis v. Charles H. Bentz Assoc., Inc., supra.* However, the Court does rely on the amendment as evidence of the actual amount in controversy, in the absence of further enlightenment from either side. This Court is mindful that lengthy fact-finding hearings are inappropriate when the only issue is one of removal jurisdiction. *See, e.g., B., Inc. v. Miller Brewing Co., supra,* 663 F.2d at 551. In this instance it was the defendant's burden to prove jurisdiction, and that burden has not been carried.

▆▆▆▆ One final problem is presented. What if the plaintiff should later amend his complaint while again within the familiar confines of the state system? Does the thirty days start running again? Does it start running for the first time? So much

has been written about the harassed defendant, who risks being bounced back and forth between the two co-equal judicial systems, that some response is necessary. Without in depth analysis, which is, and will hopefully remain, unnecessary, it can be said that should *this* plaintiff later amend a bad faith claim to attempt to recover more than the jurisdictional amount required in this Court, the thirty days will certainly have been tolled. Moreover, should this case later appear before this Court because of such an amendment, this Court will be hard pressed to keep from applying sanctions to the plaintiff for having filed a frivolous pleading, namely the amendment to the present complaint. Included among the sanctions will be the costs and attorney's fees associated with this removal, or the next one, whichever is greater. Although plaintiff need not plead with an eye to federal jurisdiction, evasion and delay will not be tolerated in plaintiffs any more than in defendants. *See McLaughlin v. West. Cas. & Surety Co.,* 603 F.Supp. 978 (S.D.Ala.1985); Fed.R. Civ.P. 11. It is the sanctions available under Rule 11 that should be used to prevent delay in removals, not statutory legerdemain as espoused by *Rollwitz* and *Bonnell.* The Court is, finally, mindful that plaintiffs are entitled to avoid federal court by seeking less than the jurisdictional amount, but they are not entitled to toy with the federal courts for strategic or tactical reasons. The removal statutes are not to be used, or avoided, for mere tactical reasons. *See Weaver v. Miller Elec. Mfg. Co., supra.*

Pursuant to the foregoing opinion, the Court having concluded that retaining jurisdiction of this indeterminate complaint case would amount to poaching on the hunting grounds of a coordinate judicial system, *B., Inc. v. Miller Brewing Co., supra,* 663 F.2d at 548, it is hereby ORDERED that the motion for remand is GRANTED. This case was removed improvidently and without jurisdiction, and

---

fendant exists for complaints with fictitious parties, since the plaintiff waives the thirty day limit by affirmatively concealing removability.

*See Weaver v. Miller Elec. Mfg. Co.,* 616 F.Supp. 683 (S.D.Ala.1985).

the Court ORDERS that it be REMAND-ED to the Circuit Court of Choctaw County, Alabama, forthwith, pursuant to 28 U.S.C. § 1447(c).

IT IS SO ORDERED.