Donald V. BORST, Plaintiff,

v.

HI–LINE ELECTRIC COMPANY, Defendant.

Civ. A. No. 88–0725–AH.

United States District Court, S.D. Alabama, S.D.

Sept. 14, 1988.

Robert Galloway, Mobile, Ala., for plaintiff.

William C. Tidwell, Mobile, Ala., Susan S. Hayes and Michael Sean Quinn, Dallas, Tex., for defendant.

## ORDER

HOWARD, District Judge.

This cause is before the Court on defendant's motions to dismiss under Fed. Rules Civ.P. 12(b)(1) and (2) for lack of subject-matter and personal jurisdiction, under 12(b)(3) for improper venue, or in the alternative for transfer pursuant to 28 U.S. C. § 1404(a), and under 12(b)(6) for failure to state a claim on which relief can be granted. Local Rule 6 requires that any motion filed pursuant to Fed.Rules Civ.P. 12(b) be supported by a brief. Although defendant has filed a brief, that brief does not address the issues of personal jurisdiction and failure to state a claim. Accordingly, defendant's motions to dismiss for lack of personal jurisdiction and for failure to state a claim under 12(b)(2) and 12(b)(6) are DENIED.

Defendant's first briefed motion regards subject-matter jurisdiction. Defendant asserts that this Court cannot assert subject-matter jurisdiction over this action due to a choice of forum clause in the underlying contract. This argument misconceives the nature and effect of choice of forum clauses, which relate to venue. However, before considering defendant's arguments regarding venue, the Court must first ascertain whether it has subject-matter jurisdiction.

Plaintiff filed this action in state court, naming Hi–Line Electric Company as defendant, on July 22, 1988. (Petition for Removal at 3). Within thirty days of service, Hi–Line Electric Company filed in this Court its petition for removal and accompanying documents. The petition discloses that Plaintiff is a resident of the State of Alabama and that defendant is a corporation organized and existing under the laws of Texas, with its principal place of business in Texas. (Petition for Removal at 1). The petition also states that the amount in controversy exceeds $10,000 exclusive of interest and costs.

When, as here, a plaintiff files a complaint neither negating nor demonstrating the existence of federal subject matter jurisdiction based on diversity of citizenship,

the Court may look to the petition for removal to ascertain jurisdiction. *Robinson v. Quality Insurance Co.*, 633 F.Supp. 572, 575 (S.D.Ala.1986). The assertions of Hi–Line's petition, made subject to the provisions of Federal Rule of Civil Procedure 11, have been verified by plaintiff (Plaintiff's Response at 1), and the Court finds them to be true. Thus, this action was properly and timely removed to federal court, and the Court has subject-matter jurisdiction. Defendant's motion to dismiss under 12(b)(1) for lack of subject-matter jurisdiction is DENIED.

Next, defendant contends that venue is improper in the Southern District of Alabama. Title 28 U.S.C. § 1391(a) provides that in actions founded solely on diversity, venue is proper in the judicial district where all the plaintiffs reside, where all the defendants reside, or where the claim arose. The complaint originally filed in State Court indicates that the plaintiff is a resident of Mobile County, Alabama (Petition, Exhibit A, Complaint, Paragraph 1). Venue is thus proper in the Southern District of Alabama, and defendant's motion to dismiss under Fed.Rule Civ.P. 12(b)(3) is DENIED.

The Court now turns to defendant's motion to transfer. Title 28 § 1404(a) provides as follows:

(a) For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district of division where it might have been brought.

Plaintiff seeks a declaratory judgment that a non-competition agreement is unenforceable and that his accepting competing employment, or becoming an officer or owner of a competing company, would not violate the agreement. Defendant's motion to transfer is grounded on a forum-selection clause contained in paragraph 12.06 of the contract sued upon. Paragraph 12.06 reads in pertinent part as follows:

*12.06. Jurisdiction.* The Employer and the Employee agree that the courts of the State of Texas, and any courts whose jurisdiction is derivative of the jurisdiction of the courts of the State of Texas, shall have personal jurisdiction over all parties to this contract. The Employer and the Employee further, independently and expressly waive any right they may have to sue or be sued in any court other than a court in the State of Texas, or a court whose jurisdiction is derivative of the jurisdiction of courts in the State of Texas, and all parties expressly agree that where possible, all litigation pertaining to this Agreement shall be conducted in the courts of the State of Texas, or in courts whose jurisdiction is derivative of the jurisdiction of the courts of the State of Texas.

The Eleventh Circuit recently clarified the law surrounding federal court enforcement of forum-selection clauses in diversity actions. In *Stewart Organization, Inc. v. Ricoh Corp.*, 810 F.2d 1066 (11th Cir.1987) (en banc), the court enforced such a clause despite the suspicion with which Alabama courts regard them. The Court rendered no majority opinion, but the reasons employed by both the plurality and the concurring opinions require the same result in this case.

The plurality concluded that the reluctance of Alabama courts to enforce forum-selection clauses is of no consequence to a federal court sitting in Alabama, because such clauses raise only a question of venue, which is an area of procedural law and therefore governed by federal rules in a diversity case. *See id.* at 1068–69.

The plurality then identified the only federal concerns regarding enforcement as (1) whether enforcement " 'would contravene a strong public policy of the forum in which suit is brought,' " and (2) whether " 'the chosen forum is *seriously* inconvenient for the trial of the action.' " *Id.* at 1060, 1070 (quoting *The Bremen v. Zapata Off–Shore Co.*, 407 U.S. 1, 15–16, 92 S.Ct. 1907, 1916–17, 32 L.Ed.2d 513 (1972)) (emphasis in original). Because the plurality found that these concerns were not implicated, it enforced the clause without specifically addressing whether the express requirements of section 1404(a) were met.

As a matter of law, the plurality concluded that the only public policy underlying Alabama's suspicion of forum-selection clauses is protection of the jurisdiction of its courts, not protection of its citizens, and that such a policy is not contravened by enforcement of forum-selection clauses in federal court. *Id.* at 1069–70. That determination of law is equally binding on plaintiff here.

The concurrence agreed with the plurality that Alabama law on forum-selection clauses is unimportant. *See id.* at 1075 (Tjoflat, J., concurring). To the concurring judges, however, enforceability of such a clause by a federal court depends only on whether the plaintiff establishes that the contract term "was the product of duress, fraud, or some other conduct the common law has traditionally recognized as a defense to contract enforcement," or that "intervening and unexpected occurrences" would cause the contract's purpose to be "frustrated" should the court enforce the clause. *Id.* In the absence of such a showing, a "conclusive presumption" that the contract term comports with the interests of justice and the convenience of the parties and witnesses remains undisturbed. *Id.* at 1074.

As to the "serious inconvenience" factor, plaintiff bears a "heavy burden of proof," *id.* at 1070. Plaintiff must "show that trial in the contractual forum will be so gravely difficult and inconvenient that he will for all practical purposes be deprived of his day in court." *Id.* at 1070 (quoting *Bremen* 407 U.S. at 18, 92 S.Ct. at 1917). Although a showing of increased expense is insufficient to meet this burden, a showing that plaintiff is financially unable to conduct the litigation in the contract state may be conclusive. *Id.* Plaintiff here contends squarely that he is financially unable to conduct this litigation in Texas. (Plaintiff's response at 2). Additionally, plaintiff contends that the only issue in the action is whether the covenant not to compete contained in the contract between plaintiff and defendant is enforceable under Alabama law. (Plaintiff's response at 2). There is no factual dispute on this issue. Resolution of plaintiff's claim is a matter of law only. If this action were in its original posture, then plaintiff clearly would have met its burden of proof regarding "serious inconvenience".

However, after removal of the action to this Court, the defendant asserted several counterclaims against the plaintiff. These include claims for conversion, misappropriation of trade secrets, breach of the covenant not to compete, and breach of contract. (Defendant's answer at 7, 8). For some of these counterclaims, Texas may be a more convenient forum. Although *Stewart* does not address the issue of whether plaintiff's burden of "inconvenience" applies to counterclaims, or merely to plaintiff's original claim, after due consideration, the Court finds that the interests of justice would not be served by forcing plaintiff to maintain this action in Texas, and effectively depriving him of his day in Court.

For the reasons stated above, the motion to transfer is DENIED.